HON. ZENON LABAUVE, } *Associate Justices.*
HON. A. G. TALIAFERRO, }

---

PIERRE ONEZIME BROUSSARD *v.* MARIE EMERANTH BROUSSARD.

The right to make a demand available by exception does not relieve it from prescription in a direct action.

If a party, having the right to proceed by exception or direct action, selects the latter mode of proceeding, he must submit to the rules governing direct actions, one rule of which is, that actions may be defeated by prescription.

APPEAL from the District Court, Parish of Vermillion, *Simon,* J. *M. E. Girard,* for appellant. *D. O. Bryan,* for appellee.

The facts are stated in the opinion of the Court.

TALIAFERRO, J. On the 11th of November, 1856, the defendant in this case instituted a suit against the present plaintiff, in the District Court, sitting in and for the Parish of Vermillion, for various sums of money alleged to have been received by him on her account; and, on the 22d of June, 1858, she obtained a judgment against him for $2,843, with five per cent. interest from judicial demand.

It will be convenient to notice that the suit just mentioned is numbered 416 on the docket of the Vermillion Court. P. O. Broussard, the defendant in that case, acquiesced in the judgment rendered against him, and soon after payed it off. Broussard, who is the brother of M. E. Broussard, had, previous to the year 1854, acted for a number of years as a kind of curator to his sister, who labors under infirmities which render her incapable of transacting her own business.

On the 11th of November, 1858, the present suit now before this Court

55

was filed by P. O. Broussard, against the defendant M. E. Broussard, in the District Court of Vermillion, and is numbered 597 on the docket of that Court. In his petition, plaintiff sets up against defendant various items of indebtedness, arising, as he avers, from amounts paid by him to several persons, for board and attention furnished his sister; for board and services rendered at different times by plaintiff himself, and from having paid for her a debt of fifty dollars and eighty-three cents. The answer is a general denial, and the prescription of one, three, five, seven, eleven, fifteen and thirty years is plead. Judgment was for the defendant, and plaintiff appeals.

We find, from the transcript, that defendant left the plaintiff's domicil about the month of October or November, 1854, and that service of citation was made upon her, in this case, on the 12th of November, 1858; the interval constituting a period of about four years. It seems that the debt of fifty dollars and eighty-three cents was paid for defendant by plaintiff, on the 14th of December, 1840. This being a liquidated claim, the plaintiff might have set it up in compensation against the defendant in her suit against him, numbered 416. But he had the right clearly to pursue his remedy by action, as he has done. It is contended that prescription against this claim was interrupted because of its susceptibility of being made an off-set against the defendant's claim in suit No. 416, and that prescription would only begin to run against it from the time of P. O. Broussard's payment of the judgment rendered against him in that suit. It seems to us, that so long as the claims set up against P. O. Broussard, in suit No. 416, could have been enforced against him, he might have pleaded the off-set in question in compensation. But the right he had to make it available by exception does not, in our view, relieve it from prescription in a direct action. If a party having the right to proceed, either by exception or action, selects the latter mode, he must submit to the rules governing actions; and one of these rules is that actions may be defeated by prescription. 13 An. 250.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both Courts.